UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | DOCKET NOs. 1:22CR83 (WDNC) |
| v. | ) | 3:23CR8 (MDTN) |
| | ) | **FACTUAL BASIS** |
| JACOB RYAN MCCLURE | ) | |
| | ) | |

NOW COMES the United States of America, by and through Dena J. King, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea.

This Factual Basis does not attempt to set forth all of the facts known to the United States at this time. This Factual Basis is not a statement of the defendant, and, at this time, the defendant may not have provided information to the United States about the offenses to which the defendant is pleading guilty, or the defendant's relevant conduct, if any.

By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender. The parties also agree that this Factual Basis may, but need not, be used by the United States Probation Office and the Court in determining the applicable advisory guideline range under the *United States Sentencing Guidelines* or the appropriate sentence under 18 U.S.C. § 3553(a). The defendant agrees not to object to any fact set forth below being used by the Court or the United States Probation Office to determine the applicable advisory guideline range or the appropriate sentence under 18 U.S.C. § 3553(a) unless the defendant's right to object to such particular fact is explicitly reserved below. The parties' agreement does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have agreed not to object and which are relevant to the Court's guideline computations, to 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

1. On August 22, 2021, officers of the Dover Police Department in Dover, Tennessee observed a vehicle with a North Carolina license tag speeding and thereafter conducted a traffic stop. The stop took place in Dover, Tennessee which is in Stewart County, in the Middle District of Tennessee.

2. Upon making contact with the occupants of the vehicle, officers identified Jacob Ryan MCCLURE as the driver of the vehicle as well as being one of the registered owners of the vehicle. Inside the vehicle was also a female passenger. Officers noticed the odor of marijuana coming from the vehicle and asked MCCLURE about the odor. In response, MCCLURE showed

the officer a cigar with marijuana inside of it.

3. Based on the odor of marijuana and the admitted presence of marijuana inside the vehicle, officers searched the vehicle. Inside the vehicle, officers recovered a small bag containing a white crystal powder which was methamphetamine. Officers also discovered a bag of marijuana in the center console and a glass pipe, of the kind used to ingest narcotics, in the glove compartment of the vehicle. Officers also recovered stacks of cash from inside the vehicle. When MCCLURE was asked how much cash it was, he estimated to the officers that it was around $10,000. MCCLURE also admitted to possessing a small amount of methamphetamine which was contained in a pill bottle in his pocket.

4. Officers also recovered from the vehicle two complete pistols and two pistol frames all of which did not have serial numbers. Officers also recovered a silencer from inside the vehicle.

5. Officers then interviewed the female passenger who stated that she had spent the night with MCCLURE at the Dixieland Cabins in Dover, Tennessee. While at the cabin, the female passenger stated that she had observed MCCLURE in possession of additional drugs, money, and guns.

6. Officers obtained a search warrant to search the cabin where MCCLURE and the female passenger had stayed. Inside the cabin, officers recovered a variety of firearms and firearms parts as well as more marijuana and cash. The firearms recovered included:

   a. an M16-type, 5.56mm caliber machinegun;

   b. an M16-type, 5.56mm caliber machinegun;

   c. an M16-type, 5.56mm caliber machinegun; and

   d. an M16-type firearm lower receiver machinegun.

7. Officers also recovered a Century Arms, model VSKA Pistol, 7.62mm caliber firearm, serial number SV7P002113 from inside the cabin. An ATF interstate nexus expert determined that the Century Arms, model VSKA Pistol described above was not manufactured in the State of Tennessee, and therefore the firearm had previously traveled in and affected interstate commerce.

8. At this time, MCCLURE admitted to being in possession of marijuana and methamphetamine, MCCLURE was an unlawful drug user, and he knew of his status as an unlawful drug user.

9. On July 6, 2022, MCCLURE was driving in his Toyota Tacoma on the Great Smoky Mountains Expressway in Haywood County, North Carolina, within the Western District of North Carolina. A Haywood County Sheriff's Office deputy conducted a traffic stop on MCCLURE due to a speeding violation and a suspected window tint violation.

10. Other deputies arrived at the scene and began processing traffic violation citations. Prior to completing the citations, officers conducted a K9 sniff of the exterior of MCCLURE's vehicle. The K9 alerted to the odor of narcotics and officers conducted a probable cause search of MCCLURE's vehicle.

11. The search revealed numerous firearms, firearm related items, cash, and narcotics, including but not limited to, the following:

> a. 97 machinegun conversion kits, commonly referred to as "Glock Switches." These items are parts designed and intended solely and exclusively for use in converting a weapon into a machinegun, and meet the definition of such under 26 U.S.C. § 5845(b);
>
> b. four P80 machinegun pistols in which Glock Switches had been installed;
>
> c. a Glock 17 9mm machinegun pistol in which a Glock Switch had been installed;
>
> d. a Sig Sauer MPX 9mm rifle with a barrel of less than sixteen inches;
>
> e. $3,000 in United States currency; and
>
> f. Ten firearm silencers.

12. MCCLURE knowingly possessed all the aforementioned items described in this factual basis. The firearms described above were manufactured outside of North Carolina and Tennessee.

DENA J. KING
UNITED STATES ATTORNEY

*/s/ David A. Thorneloe*
DAVID A. THORNELOE
ASSISTANT UNITED STATES ATTORNEY

### Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Plea Agreement, the Bill of Indictment, and the Bill of Information in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Plea Agreement, the Bill of Indictment, and the Bill of Information. I hereby certify that the defendant does not dispute this Factual Basis with the exception of those facts to which I have specifically reserved the right to object, and understands that it may be used for the purposes stated above.

*/s/ JStewart*                                                           DATED: 1/28/23
Jack W. Stewart, Attorney for Defendant

*Rusty McLean by JWS[3]*                                      DATED: 2/2/23
Russell McLean, Attorney for Defendant